UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY, | CIVIL ACTION NO. 08-81 (MLC) |
| Plaintiff, | **ORDER OF REFERRAL** |
| v. | |
| CLEAR ADVANTAGE TITLE, INC., et al., | |
| Defendants. | |

**THE PLAINTIFF** bringing this action in state court against the defendants, Clear Advantage Title, Inc. ("CATI") and Edward A.M. Furfey, on June 28, 2007, inter alia, to recover damages for breach of fiduciary duty ("Civil Action") (dkt. entry no. 1, Compl.); and the plaintiff removing the Civil Action to this Court on January 7, 2008, "with the intention that this action, upon removal, shall be referred to the United States Bankruptcy Court", as (1) CATI petitioned for bankruptcy relief under Chapter 7 of the United States Bankruptcy Code on December 19, 2007, and thus after the Civil Action was commenced, and (2) an interim Chapter 7 Trustee has been appointed (dkt. entry no. 1, Rmv. Not., at 1-2), see In re Clear Advantage Title, Inc., Bankr. No. 07-28673 (MBK), see also 28 U.S.C. §§ 157, 1334 & 1452, Fed.R.Bankr.P. 9027; and the plaintiff filing a further request to this Court to refer the Civil Action to the Bankruptcy Court (dkt. entry no. 4, 1-17-08 Pl. Letter); and

**IT APPEARING** that Furfey is CATI's president, see Bankr. No. 07-28673 (MBK), dkt. entry no. 1, Voluntary Pet. & Decl. Concerning Debtor's Scheds.; and CATI asserting in the bankruptcy petition that (1) the plaintiff is a creditor holding an unsecured nonpriority claim, (2) the plaintiff and Furfey also are liable for certain debts of CATI, and (3) the plaintiff has brought the Civil Action against it, see id., Scheds. F & H, & Stmt. of Fin. Affairs; and

**IT APPEARING** that the plaintiff — rather than removing the Civil Action to this Court — could have removed the Civil Action directly to the United States Bankruptcy Court, thereby necessitating no involvement by this Court, see Fed.R.Bankr.P. 9027(a)(2) (stating if civil action is pending when bankruptcy case is commenced, then notice of removal may be filed with "clerk" within "90 days after the order for relief in the case under the [Bankruptcy] Code"),[1] see 11 U.S.C. § 301(b) (stating commencement of voluntary case under Bankruptcy Code constitutes such order), Fed.R.Bankr.P. 9027 eds. cmt. (stating same), see Geruschat v. Ernst Young LLP (In re 7 Fields Dev. Corp.), 505 F.3d 237, 247 n.8 (3d Cir. 2007) (stating "[Rule] 9027(a)(1) permits the filing of a notice of removal with the 'clerk,' a

---

[1] The plaintiff cites Federal Rule of Bankruptcy Procedure ("Rule") 9027(a)(3) to demonstrate that the notice of removal here is timely. (Rmv. Not., at 3.) However, Rule 9027(a)(3) concerns civil actions commenced after a bankruptcy case is commenced.

2

term that Rule 9001(3) defines as 'bankruptcy clerk,' and 28 U.S.C. § 1452(a) permits removal to the 'district court,' an entity of which the bankruptcy court is a unit"), Fed.R.Bankr.P 9027 eds. cmt. (stating same); but

**THE COURT** intending to refer the Civil Action to the Bankruptcy Court;[2] and the Court advising the parties that any future motions in this matter, such as a motion to remand, should be filed with the Bankruptcy Court, see Fed.R.Bankr.P. 9027(d)-(e); and for good cause appearing;

---

[2] The plaintiff appears to request that this Court refer the Civil Action directly to the judge presiding over the related bankruptcy case. (See generally Rmv. Not.)  This Court will only refer the Civil Action to the Bankruptcy Court in general, as it is the function of the Clerk of the Bankruptcy Court to assign a matter to a particular judge.

3

**IT IS THEREFORE** on this    30th    day of January, 2008 **ORDERED** that the action is **REFERRED** to the United States Bankruptcy Court, District of New Jersey; and

**IT IS FURTHER NOTED,** for the benefit of the Clerk of the Bankruptcy Court, that the action appears to be related to <u>In re Clear Advantage Title, Inc.</u>, Bankr. No. 07-28673 (MBK); and

**IT IS FURTHER ORDERED** that the Clerk of the District Court designate the action as **CLOSED.**

            s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge